```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
DANIEL MILLER,

                      Petitioner,
                                                    ORDER
           -against-                                20-CV-1546(JS)

DARWIN E. LACLAIR,

                      Respondent.
----------------------------------------X
APPEARANCES
For Petitioner:      Daniel Miller, pro se
                     15A3706
                     Franklin Correctional Facility
                     62 Bare Hill Road, P.O. Box 10
                     Malone, New York 12953

For Respondent:      Cristin N. Connell, Esq.
                     Nassau County District Attorney's Office
                     262 Old Country Road
                     Mineola, New York 11501
```

SEYBERT, District Judge:

Petitioner Daniel Miller ("Petitioner") seeks federal habeas relief pursuant to 28 U.S.C. § 2254. (Petition, ECF No. 1.) Before the Court is Petitioner's motion for bail pending resolution of his habeas petition. (Mot., ECF No. 15; see also Dec. 9, 2020 Ltr., ECF Nos. 16 & 17; Jan. 2, 2021 Ltr., ECF No. 18.) For the reasons that follow, the motion is DENIED.

Federal courts have the "inherent authority to admit to bail individuals properly within their jurisdiction," including habeas petitioners. Mapp v. Reno, 241 F.3d 221, 226 (2d Cir. 2001). However, that power is "a limited one, to be exercised in special cases only." Id. Indeed, "the standard for bail pending

habeas litigation is a difficult one to meet: [t]he petitioner must demonstrate that the habeas petition raise[s] substantial claims and that extraordinary circumstances exist[ ] that make the grant of bail necessary to make the habeas remedy effective." Id. (alterations in original) (quoting Grune v. Coughlin, 913 F.2d 41, 44 (2d Cir. 1990)). "A litigant's claims qualify as 'substantial' if the litigant has shown he is 'very likely to succeed' on those claims. Daum v. Eckert, No. 17-CV-0239, 2020 WL 5040596, at *3 (E.D.N.Y. Aug. 26, 2020) (quoting United States v. Manson, 788 F. App'x 30, 32 (2d Cir. 2019) and collecting cases).

Here, Petitioner has not argued that he meets this exacting standard. Rather, he seeks bail because he is the health care proxy, power of attorney, and "only close living relative in the state to" his ailing mother who needs "someone in the home to" care for her and pay her bills, among other things. (Mot. ¶¶ 2-5, 9-11.) This is "insufficient to demonstrate extraordinary circumstances." Montes v. James, No. 20-CV-0150, 2020 WL 1302307, at *2 (N.D.N.Y. Mar. 19, 2020). To the contrary, "[s]erious medical conditions have only been grounds for release on bail in a handful of situations, specifically where the petitioner himself is gravely ill and release was to a medical facility to receive specialized care." Id. (collecting cases). Moreover, in his January 2, 2021 Letter, Petitioner stated that his mother has been transferred to a rehabilitation center and may be transferred to a long-term nursing facility. (Jan 2, 2021 Ltr. at 1.) While

2

unfortunate, the circumstances as presented to the Court are insufficient to justify bail. Montes, 2020 WL 1302307, at *2.

Accordingly, Petitioner's motion (ECF No. 15) for a bail pending resolution of his Petition is DENIED. Respondent shall serve a copy of this Order to the pro se Petitioner at his address of record and file proof of service to the docket within fourteen (14) days.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: January  11 , 2021
       Central Islip, New York